UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHARLIE BERNARD MACON,

   Petitioner,

               File No. 1:14-cv-1210

v.

               HON. ROBERT HOLMES BELL

PAUL KLEE,

   Respondent.
              /

## MEMORANDUM OPINION AND ORDER

   This is an action filed by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner Charlie Bernard Macon pleaded guilty in the Berrien County Circuit Court to possession with intent to deliver 50 to 449 grams of cocaine, Mich. Comp. Laws § 333.7401(2)(a)(iii). He filed this action in November 2014. On December 29, 2014, Magistrate Judge Phillip J. Green issued a Report and Recommendation ("R&R") recommending that the petition be dismissed because it is barred by the statute of limitations. (ECF No. 7.) This matter is before the Court on Petitioner's objections to the R&R. (ECF No. 8.)

   This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or

all of the Magistrate Judge's findings or recommendations. *Id.*

Petitioner asserts that the statute of limitations does not apply because he brought this action pursuant to Rule 60(d)(3) of the Federal Rules of Civil Procedure, claiming fraud on the court. Petitioner asserts that such a claim can be made at any time. As indicated in his petition, however, Petitioner expressly brought this action pursuant to 28 U.S.C. § 2254. (Pet. 1, ECF No. 1, PageID.1.) As such, it is subject to a one-year statute of limitations in 28 U.S.C. § 2244(d). Moreover, even though he alleges fraud on the state court and cites Rule 60(d)(3) in the body of the petition, his action is properly construed as one under § 2254. *See Thompkins v. Berghuis*, 509 F. App'x 517 (6th Cir. 2013) (a motion under Rule 60(d) that attacks a state court's judgment of conviction is properly construed as a petition under § 2254). Consequently, all of the claims raised in his petition, whether based on fraud or otherwise, are subject to the limitations period in 28 U.S.C. § 2244(d).

Next, Petitioner asserts that he qualifies for an exception to the statute of limitations because he is actually innocent. In *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931-32 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. In order to make a showing of actual innocence under *Schlup*, Petitioner must present new evidence showing that "'it is more likely than not that no reasonable juror would have convicted [the petitioner].'" *McQuiggin*, 133 S. Ct. at 1935 (quoting *Schlup*, 513 U.S. at 329 (addressing

actual innocence as an exception to procedural default)); *see also House v. Bell*, 547 U.S. 518, 538 (2006) (pointing out that the *Schlup* actual-innocence standard is "demanding and permits review only in the extraordinary case") (internal citation and quotation marks omitted).

In support of his claim of innocence, Petitioner presents two laboratory reports analyzing the contents of a package ostensibly seized from Petitioner by the police. (Ex. to Pet., ECF No. 3-2.) Petitioner notes that the two reports show different weights. One shows 969.7 grams of cocaine (*id.* at PageID.68), while the other shows 987 grams of cocaine (*id.* at PageID.70). This minor discrepancy in weight between two different reports, both of which show that Petitioner possessed more than 449 grams of cocaine, hardly demonstrates Petitioner's innocence. If anything, both reports confirm Petitioner's guilt.

Petitioner also contends that the criminal complaint and warrant against him were falsified. In support, he provides a preliminary examination hearing transcript in which an officer testified that his field test kit did not work when he attempted to test the package seized from Petitioner, so he took the package to the lab for testing. (ECF No. 3-1, PageID.59-60.) In a criminal complaint and warrant, the officer averred that a package seized from Petitioner "later tested as cocaine." (ECF No. 3-2, PageID.62.) The foregoing evidence does not show that the criminal complaint was false, because the officer's statements are consistent with one another. More importantly, this evidence does not show that Petitioner

3

is actually innocent. Consequently, Petitioner has failed to meet the demanding showing required to avoid the statute of limitations under the miscarriage-of-justice exception.

Finally, Petitioner asks the Court to recognize that he is a layman, unskilled in the law. As indicated in the R&R, however, ignorance of the law is not an excuse to avoid the statute of limitations, even for a prisoner proceeding *pro se*. Consequently, the Court will adopt the R&R and dismiss the petition.

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Id.*

This Court determined that Petitioner's application is barred by the statute of limitations. Under *Slack*, 529 U.S. at 484, when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether

the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

The Court finds that reasonable jurists could not debate that this Court correctly dismissed the petition as barred by the statute of limitations. Therefore, the Court will deny Petitioner a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections (ECF No. 8) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the December 29, 2014, R&R (ECF No. 7) is **APPROVED** and **ADOPTED** as the opinion of this Court.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.


Dated: January 15, 2016                          /s/ Robert Holmes Bell
                                                                     ROBERT HOLMES BELL
                                                                     UNITED STATES DISTRICT JUDGE